STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTARES MARITIME PTE LTD. | * | CIVIL ACTION NO.: |
| On its Own Behalf and as owner of | * | |
| Of the M/V PAC ANTARES | * | SECTION: |
| | * | |
| vs. | * | MAGISTRATE |
| | * | |
| THE BOARD OF COMMISSIONERS | * | |
| OF THE PORT OF NEW ORLEANS | * | |
| and PORTS AMERICA | * | |
| LOUISIANA, LLC | * | |

**************************************

## COMPLAINT

Antares Maritime PTE, Ltd., on its own behalf and as owner of the M/V PAC ANTARES, files this Complaint against The Board of Commissioners of the Port of New Orleans (hereinafter "the Board") and Ports America Louisiana, LLC, (hereinafter "Ports America") and avers on information and belief as follows:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court pursuant to 33 U.S.C. § 2717(b), 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, as this dispute relates to an incident and oil spill occurring on the navigable waters of the United States.

2. Venue is appropriate pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Antares Maritime PTE, Ltd., is a corporation organized and operated pursuant to the laws of Singapore, and is the owner of the M/V PAC ANTARES. The M/V PAC

ANTARES is a Singapore flagged bulk carrier, IMO # 9262962, with a length of 178.8 meters and a breadth of 27.2 meters. The vessel is owned by Antares Maritime Pte Ltd., and managed by PACC Ship Managers Pte Ltd.

4.  Defendant, The Board of Commissioners of the Port of New Orleans, is a political subdivision of the State of Louisiana organized with its current offices at 1350 Port of New Orleans Place, New Orleans, LA 70130. The Board owns the Nashville Avenue Wharf on the east bank of the Mississippi River in Orleans Parish.

5.  Defendant Ports America Louisiana, LLC is a corporation organized and operated pursuant to the laws of the State of Delaware, doing business in this Parish and State. Ports America leases and operates the Nashville Avenue Wharf.

## FACTS

6.  The Nashville Avenue Wharf is a large break bulk general cargo terminal located at the Port of New Orleans on the east bank of the Mississippi River. The wharf has 4,070 ft. of continuous deep-water berthing located near mile markers 100 and 101 and is part of the world's longest continuous general cargo quay.

7.  Upon information and belief, the Board was responsible for the design, construction, and maintenance of the Nashville Avenue Wharf.

8.  Upon information and belief, Ports America also had certain responsibilities for the maintenance and repair of the Nashville Avenue Wharf.

9.  The Board and/or Ports America were responsible for directing vessels to dock at that wharf, and for ensuring the wharf is safe to receive those vessels.

10. On April 12, 2018, the M/V PAC ANTERES was arriving at the Port of New Orleans to discharge cargo at the Nashville Avenue Wharf. The M/V PAC ANTARES had been

directed by the Board to berth at a specific section of the terminal spanning from Wharf A to Wharf B.

11.     At approximately 10:20 a.m., the M/V PAC ANTARES, with the assistance of two tugs and under the guidance of a compulsory NOBRA river pilot, approached the assigned berthing position directed by the Board.  As the vessel maneuvered into position alongside the dock, a piece of steel plating that had been installed on the wharf came into contact with the vessel's starboard hull.  On information and belief, the steel plate is part of a specialized curb system designed to accommodate a particular type of ro-ro vessel, although no such vessel has called at the Nashville Avenue Wharf in well over a decade.

12.     The steel plate was protruding beyond the protection provided by the dock's wooden fender piles, which were broken, missing, worn, and substantially deteriorated in the area where the M/V PAC ANTARES was assigned and directed to berth.  These hazardous conditions were neither visible nor obvious to the M/V PAC ANTARES during its approach, and the Port failed to provide any notice of these conditions to the vessel.

13.     As a direct result of these conditions, the steel plate acted like a can opener and scraped along the vessel's hull, ultimately puncturing the hull and the vessel's starboard bunker tank.  The puncture resulted in a spill of about 2,000 gallons of heavy fuel oil into the Mississippi River.  The M/V PAC ANTARES rapidly activated its Oil Spill Response Plan and took measures to contain the spill and to minimize its impact.  The vessel's designated Oil Spill Response Organization was promptly notified, as were the United States Coast Guard and other state and local agencies.  Per U.S. regulations, a Unified Command was established and substantial oil spill response assets were deployed to respond to the spill.  The Emergency Response phase spanned 30 days from April 12 – May 11, and then transitioned to a monitoring

phase.  The regulatory authorities currently are conducting a natural resource damage assessment in response to the oil spill.

## DAMAGES

14.     As a result of the incident, Antares Maritime Pte Ltd. incurred substantial damages, which currently are estimated to exceed $10,000,000.  Antares Maritime Pte Ltd. is entitled to recover all damages recognized under the Federal Statutes of the United States, including but not limited to the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701 et. seq., the Laws of the State of Louisiana, including but not limited to La. R.S. §§ 30:2001 et. seq., the general maritime law, and any other sources of law or remedies deemed applicable.  Such damages will include, but are not limited to, recovery for:

   A.  Physical damage to the M/V PAC ANTARES;

   B.  Surveyor's fees;

   C.  Oil spill response and clean-up costs;

   D.  Claims of third parties impacted by the oil spill;

   E.  Potential liability for natural resource damages;

   F.  Civil fines and/or penalties;

   G.  Loss of use of the M/V PAC ANTARES;

   H.  Other economic losses resulting from the incident

   I.  Administrative and overhead costs; and

   J.  Any other item of damage to which plaintiff is entitled by law.

Antares Maritime Pte Ltd. reserves the right to amend this portion of its Complaint as more information becomes available.

**NEGLIGENCE OF THE BOARD AND PORTS AMERICA**

15. The incident and damages sustained by the M/V PAC ANTARES and Antares Maritime PTE, Ltd., were in no way caused, or contributed to, by the fault, neglect or want of care on the part of anyone for whose conduct plaintiff is responsible, but were the result of and caused by the fault, neglect, and want of care on the part of defendants in the following respects, among others, which will be shown at trial of this cause:

   A. Failure to provide a safe berth for the M/V PAC ANTARES;

   B. Negligent and improper design of the Nashville Avenue Wharf;

   C. Failure to maintain the Nashville Avenue Wharf in a good and safe condition;

   D. Failure to install and maintain proper fenders along the wharf;

   E. Failure to warn the M/V PAC ANTARES of the dangerous and hazardous conditions resulting from the missing and deteriorated fenders and steel plates protruding from the dock face, which conditions were not open and obvious to the M/V PAC ANTARES;

   F. Directing the M/V PAC ANTARES to a berth known to be potentially hazardous;

   G. Failure to use due care and caution under the circumstances then existing;

   H. Discharging duties in a careless, incompetent, and inattentive manner; and

   I. Further or different faults and/or negligent acts or omissions that may become known through discovery in this case.

16. As a direct result of the negligence and faults of the Board and Ports America, Antares Maritime Pte Ltd. is entitled to recover its full damages resulting from the incident, including legal fees, costs, expenses, and interest.

### WANTON AND RECKLESS CONDUCT OF THE BOARD

17. Prior to the incident, the Board had actual knowledge of the deteriorated and unsuitable condition of the mooring fenders at the area of the Nashville Avenue Wharf where it directed the M/V PAC ANTARES to berth. The Board's own inspection on January 30, 2018 identified numerous fenders in that section of the wharf that required replacement. The Board had not undertaken repairs to the deficient fenders identified in its January 30, 2018, survey prior to the date of the incident. Despite its knowledge of these hazardous conditions, the Board directed the M/V PAC ANTARES to berth in that section of the wharf and provided no warning to the M/V PAC ANTARES about these hazardous conditions. As a result of this wanton and reckless conduct of the Board, Antares Maritime Pte Ltd. is entitled to recover punitive damages.

**WHEREFORE**, Antares Maritime Pte Ltd. prays for judgment in its favor and against The Board of Commissioners of the Port of New Orleans and Ports America Louisiana, LLC for all damages incurred by Antares Maritime Pte Ltd. as a result of the incident and for punitive damages against the Board, together with pre and post judgment interest, attorneys' fees, costs, expenses, and any additional amounts and all other relief to which it may be entitled.

    Respectfully submitted,

*/s/ Michael A. Harowski*
ANTONIO J. RODRIGUEZ (Bar No. 11375)
H. JAKE RODRIGUEZ (Bar No. 27867)
MICHAEL A. HAROWSKI (Bar No. 30543)
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, LA 70130
Telephone: (504) 523-2600
Facsimile: (504) 523-2705
*Attorneys for Antares Maritime Pte Ltd.*

PLEASE ISSUE SUMMONS TO:

The Board of Commissioners
for the Port of New Orleans
Thomas Louis Colletta, Jr., Executive Counsel
1350 Port of New Orleans Place
New Orleans, Louisiana 70130

Ports America Louisiana, LLC
Through their Registered Agent for Service:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana  70816